IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER LISOWSKI and ROBERT GARNER, individually and on behalf of all others similarly situated, | ELECTRONICALLY FILED |
| | CIVIL ACTION NO. 2:19-cv-1339-MJH |
| Plaintiffs, | . |
| v. | |
| HENRY THAYER COMPANY, INC. | |
| Defendant. | |

**HENRY THAYER COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION**

Defendant Henry Thayer Company ("Thayer"), by and through counsel, submits this Opposition to Plaintiff Christopher Lisowski's Motion for Reconsideration, ECF No. 22. Plaintiff rehashes arguments previously rejected and presents others inappropriate for reconsideration. The Court should deny the Motion.

**I.      INTRODUCTION**

Initiating this lawsuit in October 2019, Plaintiff alleged that certain representations on THAYERS® Natural Remedies products violated, *inter alia*, Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") and created warranties allegedly breached. Plaintiff amended his initial complaint, and Thayer moved to dismiss. Def.'s Mot. to Dismiss, ECF No. 6. After robust briefing and oral argument, this Court issued a comprehensive and well-reasoned Opinion and accompanying Order on November 17, 2020, dismissing a majority of the claims in the First Amended Complaint with limited leave to amend. Op., ECF No. 20; Order, ECF No. 21. Unable to cure the certain defects in the First Amended Complaint, *see* Op. at 30 (granting partial leave to amend), Plaintiff filed a Motion for Reconsideration in which he asks the

Court to revisit and reverse its November 17 ruling. ECF No. 22. This Court did not err, and Plaintiff's arguments fail procedurally and on their merits.

## II. ARGUMENT

### A. Standard of Review

Though not expressly invoked, Thayer presumes Plaintiff seeks relief pursuant to Federal Rule of Civil Procedure 59(e). *See In re Taylor*, 343 F. App'x 753, 755 (3d Cir. 2009) ("A motion for reconsideration is generally treated as a motion to amend or alter judgment under Fed. R. Civ. P. 59."). "Motions for reconsideration are limited vehicles used only 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Focht v. Nationstar Mortg. LLC*, No. 3:18-CV-151, 2020 WL 6866517, at *1 (W.D. Pa. Nov. 16, 2020) (quoting *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). To prevail, the moving party "must show that one or more of the following circumstances exist: (1) an intervening change in the controlling law; (2) new evidence is available that was not available when the court made the prior decision; or (3) there is a need to correct a manifest injustice or a clear legal or factual error in the prior decision." *Id.* (citing *U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014)). Because courts have an interest in finality, motions for reconsideration should be granted "sparingly," and they are inappropriate vehicles for "relitigating or rehashing issues the Court has already decided, or rethinking a decision the Court has already made." *Id.* (citations omitted).

### B. The Court Did Not Err In Concluding That "THAYERS® Natural Remedies" Is Not Descriptive For Purposes Of Pennsylvania Consumer Protection Laws.

Plaintiff first points to actions involving the United States Patent and Trademark Office ("PTO") to seek reconsideration of the Court's ruling that the name "THAYERS® Natural Remedies" is not descriptive and cannot support a claim for breach of express warranty or a claim

2

under the UTPCPL.  Op. at 13 & 21 n.5.  Although failing to tie his argument to one of the three grounds for reconsideration, Plaintiff appears to seek reconsideration on the basis that the PTO activities are either "newly discovered evidence" or "an intervening change in the controlling law." *Astrazeneca Pharm. L.P.*, 769 F.3d at 848–49.  Neither ground is available.  In reality, Plaintiff presents a recycled argument that the Court has already rejected because it lacks merit.

Plaintiff previously relied on PTO filings in defending against Thayer's motion to dismiss. Thayer argued that the case law uniformly held that "trade names . . . ***are not*** an express warranty about a product's features or expected performance," Def.'s Br. in Supp. of Mot. to Dismiss, ECF No. 7, at 18 (emphasis in original), and that its name cannot constitute a "representation about the composition of the ingredients for any particular product" for purposes of a UTPCPL claim, *id.* at 25.  In response, Plaintiff unsuccessfully attempted to distinguish the case law on the basis that those cases did not parse out "fanciful marks" from "disclaimers," emphasizing that Thayer had "disclaim[ed] the exclusive right to use 'NATURAL REMEDIES'" and attaching information from the PTO showing Thayer disclaimed "NATURAL REMEDIES."  Pl.'s Resp. in Opp'n, ECF No. 8, at 15, 16; *id.*, Ex. A, ECF No. 8-1, at 2.  The Court rejected Plaintiff's argument then, and Plaintiff is barred from "relitigating or rehashing" it now.  *Focht*, 2020 WL 6866517, at *1.

Plaintiff appears to argue that because additional PTO activities occurred after he submitted his response in opposition to Thayer's motion to dismiss, they constitute "newly discovered evidence" through which Plaintiff may re-assert his old argument.  *See* Pl.'s Br. in Supp. of Mot. for Recons. ("Pl.'s Br."), ECF No. 23, at 4.  This is not the law.  "[N]ew evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010).  The cutoff for newly discovered evidence is not a briefing deadline; it is the date

3

of the Court's decision. "To support a motion for reconsideration on the basis of newly available evidence, the movant must 'show . . . that it could not with reasonable diligence have discovered and produced such evidence [during the pendency of the motion].'" *Cabrita Point Dev., Inc. v. Evans*, 52 V.I. 968, 975 (D.V.I. Sept. 30, 2009) (alteration in original) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996)). Plaintiff fails to make this showing.

In *Cabrita*, for example, the district court concluded that evidence that became available after the plaintiff's briefing deadline but eight days prior to the scheduled hearing (when the court also issued its decision) was not "newly discovered evidence." 52 V.I. at 979. The timeline here is even more compelling. Although Plaintiff seeks to introduce evidence of multiple interactions between the PTO and Thayer, his argument stems from events on May 7, 2020, regarding the term "Natural Remedies" as part of Thayer's tradename. Pl.'s Br. at 3. Not only was the May 7, 2020, PTO letter apparently available to Plaintiff *months* prior to the Court's November 17, 2020, decision, it was available to Plaintiff for over *six weeks* prior to the June 24, 2020, hearing on Thayer's motion to dismiss. His arguments should be rejected out of hand for this reason alone. The only exhibit dated *after* the Court's November 17 decision that Plaintiff attached to his Brief is a one-page publication from the Trademark Official Gazette, a weekly bibliographic publication. Pl.'s Br., Ex. C, ECF No. 23-3; *see Trademark Official Gazette*, U.S. PATENT AND TRADE OFFICE (Dec. 6, 2020, 9:57 PM), https://www.uspto.gov/learning-and-resources/official-gazette/trademark-official-gazette-tmog. But, Plaintiff fails to explain what evidence appeared for the first time in the Trademark Official Gazette because—like the other exhibits attached to Plaintiff's motion—there is no new evidence, and the arguments are derivative of his failed argument in opposition to the motion to dismiss. "Where evidence is not newly discovered, a party

may not submit that evidence in support of a motion for reconsideration." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

Nor could these PTO activities even remotely qualify as "an intervening change in the controlling law" because they are not intervening, changing, controlling, or law. *Astrazeneca Pharm. L.P.*, 769 F.3d at 848–49. First, as demonstrated above, the added materials were available to him prior to oral argument and the Court's decision; therefore, they are not "intervening." *See also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 568 n.3 (5th Cir. 2003) (threshold date for "intervening" is date of court's decision). Second, Plaintiff fails to explain how these exhibits demonstrate any change to anything, especially considering he already made the same disclaimer argument (with PTO exhibits) in opposition to the motion to dismiss.[1] "[C]onfirmation or clarification of existing law is not tantamount to a change in controlling law." *Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 222 (D. Ariz. 2012). Third, an alleged "change" in the law must be controlling, *i.e.* binding on the court. *See Powell v. Saul*, No. 1:18-CV-02196, 2020 WL 3187195, at *4 (M.D. Pa. June 15, 2020) (concluding intervening but non-precedential opinion from the Court of Appeals for the Third Circuit not "controlling" for Rule 59(e) reconsideration); *see also Comité De Apoyo a Los Trabajadores Agrícolas v. Perez*, No. CV 15-4014 (RBK/JS), 2016 WL 4212084, at *3 (D.N.J. Aug. 9, 2016) ("The controlling law in this Court's Opinion was . . . the United States Constitution, and the *binding* precedents interpreting [the provisions of the Constitution at issue]." (emphasis added)). Plaintiff offers no authorities—then or now—providing that activities by the PTO are binding on this Court's decisions regarding state consumer protection statutes. Only the Pennsylvania Supreme Court, the

---

[1] There is nothing new about the reality that Thayer disclaimed "Natural Remedies," as Plaintiff himself has consistently added the trademark designation (®) after THAYER and before "Natural Remedies" since the very first paragraph of his very first complaint.

5

United States Supreme Court, and the Court of Appeals for the Third Circuit can issue binding decisions on this point of Pennsylvania law. *See Comité De Apoyo a Los Trabajadores Agricolas*, 2016 WL 4212084, at *3. Finally, Plaintiff fails to provide any legal basis for the Court to view these activities by the PTO as "law." Plaintiff mischaracterizes those activities as "rulings," *see* Pl.'s Br., at 4, when they are in fact, "non-final" agency actions, *see id.*, Ex. B, at 3. "Finality" in the agency context is a legal distinction signifying that the agency's decision "both (1) marks the consummation of the agency's decisionmaking process and (2) is one by which rights or obligations have been determined, or from which legal consequences will flow." *Smith v. Berryhill*, 139 S. Ct. 1765, 1775–76 (2019) (internal quotation marks, alterations, and citations omitted). Plaintiff's attempts at introducing *non-final* actions by the PTO can hardly be said to be "law" that this Court nonetheless *must* follow in this context, and they certainly are not controlling on this Court.

Moreover, the argument (still) lacks merit and certainly fails to meet the burdensome clear-error or manifest-injustice standard. The PTO activities have no bearing on the unanimously accepted principle this Court followed in its Opinion that names do not create express warranties or give rise to claims of misrepresentation. *See* Op. at 12–13, 21 n.5. To be clear, a disclaimer in the trademark context is merely "a statement that you include in your application [to register a mark with the PTO] that you do not claim *exclusive* rights to an unregistrable portion of your mark," but the disclaimed word is "still part of [one's] mark." *How to Satisfy a Disclaimer Requirement*, U.S. PATENT AND TRADEMARK OFFICE (Dec. 6, 2020, 9:23 PM), https://www.uspto.gov/trademark/laws-regulations/how-satisfy-disclaimer-requirement. "A disclaimer in your registration makes clear to others that they may use the disclaimed terms without raising legal objections." *Id.* The trade name remains "THAYERS® Natural Remedies." The

Court's reasoning thus stands.[2] Thayer's disclaimer to the exclusive rights of the phrase "Natural Remedies" has no relevance to whether the full trade name – registered as a federally protected trademark or not – creates an express warranty or gives rise to a consumer protection claim. Just as Plaintiff's opposition to the motion to dismiss "ha[d] not cited a single case where a court held that a trade name or a trademark created an express warranty," Op. at 13, Plaintiff also fails to cite any cases to support his argument that the PTO's activities—or the extent to which a product name is trademarked—are remotely relevant in adjudicating state consumer protection laws.

The lack of relevance of Plaintiff's rehashed PTO argument is supported by *Boyd v. TTI Floorcare N. Am.*, 230 F. Supp. 3d 1266, 1278-79 (N.D. Ala. 2011), *aff'd sub nom. Green v. Bissell Homecare Inc.*, 476 F. App'x 238 (11th Cir. 2012), and the cases on which *Boyd* relies, which do not parse out what portion of a trade name is an exclusive federally protected mark. In fact, the cases that reference "trademarks" use the term interchangeably with "name" and "trade name." *See, e.g.*, *Szajna v. Gen. Motors Corp.*, 503 N.E.2d 760, 771–72 (Ill. 1986). This is because the exclusivity of the federal intellectual property right to use words in a product name is irrelevant to whether that *name* creates an express warranty to a consumer under state law. Plaintiff's attempts to make the old new again fail, and Plaintiff is not "entitled to seek a second bite of the apple by way of a motion for reconsideration." *U.S. ex rel. Emanuele v. Medicor Assocs.*, No. CV 10-245, 2017 WL 3675921, at *6 (W.D. Pa. Aug. 25, 2017) (internal quotations and citations omitted).

---

[2] Furthermore, Plaintiff mischaracterizes the PTO's May 7, 2020, letter by erroneously emphasizing the phrase "deceptively misdescriptive" even though that is simply one of three categories of phrases that requires a disclaimer. *See* Pl.'s Br., Ex. A, ECF No. 23-1, at 4 (citing the general legal standard). As Plaintiff himself points out by quoting the subsequent language, when the PTO applied that legal standard to the phrases at issue, "SINCE 1847" and "NATURAL REMEDIES," the PTO did *not* conclude they were "deceptively misdescriptive." *Id.* Accordingly, for whatever purposes this argument is offered, it actually undermines Plaintiff's position and is misleading.

### C. Plaintiff's Alleged "Factual Errors" Are Inconsequential Clerical Oversights That Do Not Justify Amending or Altering This Court's Opinion.

The two putative "factual errors" identified by Plaintiff have no bearing whatsoever on the legal conclusions made by this Court in its well-reasoned Opinion and, thus, are not grounds for reconsideration under Rule 59(e).

First, the alleged clerical oversight regarding the date of the Amended Notice Letter is immaterial. The Court correctly dismissed Plaintiff's breach of warranty claim "because the letter was not provided to Thayer *prior to institution of this action*." Op. at 15 (emphasis added). That the Amended Notice Letter was dated February 19, 2020—and not February 20, 2020—has no bearing on the lethal fact that Plaintiff failed to provide Thayer with legally required notice "before the October 18, 2019 Complaint." *Id.* The law is clear: "[a] motion to alter or amend should not be granted to provide relief . . . on the basis of clerical errors." *Fleming v. Warren*, No. CV 19-2926, 2019 WL 6033213, at *1 (E.D. Pa. Nov. 14, 2019), *aff'd*, 812 F. App'x 102 (3d Cir. 2020) (internal citation omitted); *see Focht*, 2020 WL 6866517, at *2 (objections to Court's "characterizations" that are immaterial and irrelevant are not grounds for reconsideration).

Similarly, Plaintiff admits that the second putative "factual error" was an "obvious" clerical mistake as to Plaintiff's first name, yet he seeks Rule 59(e) reconsideration of the Court's Opinion solely to avoid speculative "future confusion" about the first name of the only remaining Plaintiff in the case. Pl.'s Br., at 7. It makes no difference to the disposition of any claim. Again, this is not an appropriate ground for Rule 59(e) relief. *See Fleming*, 2019 WL 6033213, at *1.[3]

---

[3] Thayer takes no position on whether the Court, pursuant to Rule 60(a), amends the date of the Amended Service Letter and Plaintiff's name, as Rule 60(a) enables the Court, on its own motion, to "correct a clerical mistake or a mistake arising from oversight." *Scott v. Educ. Mgmt. Corp.*, No. 2:14CV537, 2015 WL 12912387, at *1 (W.D. Pa. Apr. 9, 2015) (quoting Fed. R. Civ. P 60(a)); *see Pfizer Inc. v. Uprichard*, 422 F.3d 124, 129-30 (3d Cir. 2005) (Rule 60(a) "is limited to the correction of 'clerical mistakes'" apparent on the record).

### D. The Court Properly And Correctly Ruled On Thayer's "Unpurchased Products" Argument.

Plaintiff erroneously claims that Thayer failed to move to dismiss his UTPCPL claims based on products Plaintiff never purchased or used, and further asserts this somehow entitles him to circumvent the standard for reconsideration in order to argue a jurisdictional point irrelevant to the Court's ultimate disposition of the claims at issue. *See* Pl.'s Br., at 8 & 8 n.3. Plaintiff errs at every turn.

Contrary to Plaintiff's contentions, the Court did not act *sua sponte* when it concluded that "[a]s regards products that Mr. Lisowski did not purchase, he failed to allege justifiable reliance." Pl.'s Br., at 8 (quoting Op. at 25). Thayer's opening brief in support of its motion to dismiss argued that "Plaintiffs also fail to tie particular representations to *their* purchases, meaning they have not alleged *reliance*" and that "Plaintiffs cannot sustain their pleading burden . . . without also alleging facts establishing they *personally* were exposed to and relied in some particular way on an allegedly false statement in making a relevant decision." Def.'s Br. in Supp. of Mot. to Dismiss, ECF No. 7, at 11 (emphasis added) & 27 (emphases in original); *see also id.* at 28 ("Plaintiffs have not plausibly connected several alleged misrepresentation to any of *their* personal purchasing decisions.") (emphasis added); s*ee also* Thayer Reply, ECF No. 9, at 16 ("Plaintiffs' claims should be dismissed to the extent they failed to connect many of the alleged representations *to their individual purchasing decisions or experiences*.") (emphasis added). A plaintiff who does not purchase a product has not been harmed by an allegedly false statement relating thereto.[4]

---

[4] In any event, such a waiver argument is irrelevant on a motion for reconsideration because "there is no rule that prohibits the district court, *sua sponte*, from applying the law in order to achieve a just result." *Williams v. F.B.I.*, No. CIV.A. 91-1054-LFO, 1997 WL 198109, at *2 (D.D.C. Apr. 16, 1997). Moreover, motions for reconsideration are inappropriate to provide relief on "procedural matters." *Fleming*, 2019 WL 6033213, at *1.

Regardless, like Plaintiff's other arguments, his contention that Thayer "waived" dismissal of claims based on products he did not purchase is untethered to one of the three grounds for reconsideration, requiring the Court to deny his reconsideration request. *Kaymark v. Udren Law Offices, P.C.*, No. CV 13-419, 2017 WL 1080083, at *2 (W.D. Pa. Mar. 22, 2017) ("Because this argument raised by Plaintiff is not supported by any legal argument, he has failed to establish that the Court committed a clear error of law or that the decision resulted in manifest injustice.").

And *even then*, Plaintiff cannot show that the Court's well-reasoned conclusion was incorrect, much less clear error. "[C]lear error exists if after reviewing the evidence, the court is left with a definite and firm conviction that a mistake has been committed." *Black Bear Energy Servs., Inc. v. Youngstown Pipe & Steel, LLC*, No. CV 15-50, 2017 WL 2985432, at *5 (W.D. Pa. July 13, 2017) (internal quotation marks, alterations, and citation omitted). Plaintiff's remark in a footnote about *jurisdictional standing* from an out-of-circuit district court, *see Hawes v. Macy's Inc.*, 346 F. Supp. 3d 1086, 1091 (S.D. Ohio 2018) (discussing whether claims should be dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1)), is a non-sequitur because this Court concluded that Plaintiff's allegations of justifiable reliance for unpurchased products were insufficiently *pled* to survive Rule 12(b)(6). *See* Op. at 25.

Plaintiff's grievance about the reliance element for unpurchased products is ultimately irrelevant and would not resurrect any claims because the Court also concluded that Plaintiff had failed to identify a "misleading or deceptive" statement. Op. at 24. All claims over these statements – whether or not Plaintiff actually purchased the product – fail on this independent ground. Plaintiff fails to demonstrate any grounds for the Court to grant the "extraordinary remedy" of reconsideration, *Fleming*, 2019 WL 6033213, at *1, and the Motion for Reconsideration should be denied in this respect, as well.

|  |  |
|---|---|
| Dated:  December 7, 2020 | Respectfully submitted,<br><br>*/s/ John K. Gisleson*<br>John K. Gisleson, Esq. (PA62511)<br>Franco A. Corrado, Esq. (PA91436)<br>MORGAN, LEWIS & BOCKIUS LLP<br>One Oxford Centre<br>Thirty-Second Floor<br>Pittsburgh, PA  15219-6401<br>(412) 560-3300 (telephone)<br>(412) 560-7001 (facsimile)<br>john.gisleson@morganlewis.com<br>franco.corrado@morganlewis.com<br><br>*Counsel for Defendant Henry Thayer Company, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2020, the forgoing **HENRY THAYER COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION** was electronically filed with the Clerk of Court for the Western District of Pennsylvania using the CM/ECF system, which will send notification of such filing to all registered counsel of record.

/s/ John K. Gisleson
John K. Gisleson