IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER LISOWSKI**, *, individually and on behalf of all others similarly situated*, | ) ) ) ) |
| **Plaintiffs**, | ) ) |
| v. | ) Civil No. 19-1339 ) |
| **HENRY THAYER COMPANY, INC.**, | ) ) ) |
| **Defendant.** | ) |

**OPINION and ORDER**

Before the Court is Plaintiff Christopher Lisowski's Motion for Reconsideration, with Brief in Support, concerning this Court's November 17, 2020 Opinion and Order. ECF Nos. 22 & 23. Defendant Henry Thayer Company, Inc. (Thayer) has filed a Response in Opposition, ECF No. 25, to which Mr. Lisowski has filed a Reply, ECF No. 28. For the reasons stated below, the Motion for Reconsideration will be granted in part, and denied in part.

**I. Relevant Procedural Background**

Mr. Lisowski and Robert Garner, individually and on behalf of all others similarly situated, brought a putative class action against Thayer alleging violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, the Magnusson-Moss Warranty Act, and the Maryland Consumer Protection Act, as well as claims for breach of express warranty, unjust enrichment, negligent misrepresentation, and fraudulent misrepresentation.[1] Am. Compl. ECF No. 5. Plaintiffs allege that Thayer manufactures, advertises, and sells its THAYERS® Natural Remedies products, representing that the products are "Natural," provide "Natural Remedies," and are "preservative-free." Id. ¶¶ 1-8. Plaintiffs contend that Thayer's claims that its products

---

[1] Upon motion of Plaintiffs, the Court dismissed with prejudice the Magnusson-Moss Warranty Act claim, negligent misrepresentation claim, and fraudulent misrepresentation claim. ECF No. 14.

are "natural" are false, misleading, and designed to deceive consumers to pay a price premium and to choose THAYERS® Natural Remedies over a competitor's product. Id. ¶ 1. The alleged false and misleading claims, that Thayer's products are "natural," also appear on the trademark name for the product line, "THAYERS® Natural Remedies." Id. In addition, Plaintiffs allege that Thayer deceptively markets its dry mouth sprays as "Preservative-Free," when the products actually contain preservatives. Id. ¶ 2. Plaintiffs allege that all of Thayer's products identified in the Amended Complaint fail to conform to Thayer's representations that the products are "natural." Id. ¶¶ 24, 27.

Upon consideration of Thayer's Motion to Dismiss, the Court dismissed all claims asserted by Robert Garner, finding that Pennsylvania lacks specific personal jurisdiction over Thayer with respect to his claims. With respect to Mr. Lisowski, his request for injunctive relief and breach of express warranty claim were dismissed with prejudice. Mr. Lisowski was permitted to proceed with his unjust enrichment claim and UTPCPL claim related to two Dry Mouth Products he purchased. All other UTPCPL claims asserted by Mr. Lisowski were dismissed, with leave for Mr. Lisowski to amend said claims.

**II. Applicable Law on a Motion for Reconsideration**

A proper motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). "Mere dissatisfaction with a court's ruling is not a proper basis for reconsideration." Prusky v. Phoenix Life Ins. Co., 2003 WL 22597610, *2 (E.D.Pa. Nov 04, 2003), citing Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122

(E.D.Pa.1993). "Motions for reconsideration are not to be used to reargue or relitigate matters already decided." Haymond v. Lundy, 205 F.Supp.2d 390, 395 (E.D.Pa. 2002).

**III. Discussion**

The Court will address each of Mr. Lisowski's four grounds for reconsideration.

**A.**

First, Mr. Lisowski argues that reconsideration is warranted based upon recent rulings of the United States Patent and Trademark Office as to Thayer's trademark. In opposing the motion to dismiss, Mr. Lisowski argued that the trademark, "THAYERS® Natural Remedies," creates an affirmation of fact that Thayer's products will in fact be natural and contain only natural ingredients. Thus, he argued that the phrase "Natural Remedies" creates an express warranty that said product would in fact be "natural." In its Opinion, the Court did not opine on whether the isolated phrase "Natural Remedies" is descriptive of Thayer's products. Instead, after examining case law addressing the issue of whether a trademark is capable of creating an express warranty, the Court held as a legal matter, that Thayer's trademark name, "THAYERS® Natural Remedies," does not create an express warranty as to what the product does or contains. In reaching this conclusion, the Court relied on case law that held that a trademark cannot create an express warranty, regardless of the language of the trademark. Accordingly, the Court did not separately analyze whether the phrase "Natural Remedies" is deceptive or misleading in context of various Thayer's products. The Court explained that no such independent analysis was necessary because the Court had already "determined that a trademark is merely an affirmation of authenticity, not an affirmation of what the product contains or how it will perform." Op. at 21 n. 5.

In support of reconsideration, Mr. Lisowski relies on United States Patent and Trademark Office Rulings that view the term "Natural Remedies," as it appears in Thayer's trademark, as descriptive terms. He previously argued this position in opposition to the motion to dismiss, and now asks the Court to revisit its ruling based on the November 24, 2020 publication of Thayer's trademark in the Trademark Official Gazette, which limits the distinctiveness of the trademark just to the term "THAYERS." Ex. C. to Pltf. Br, (ECF No. 23-3). The relevant Patent Office Ruling cited by Mr. Lisowski states in relevant part:

> Specifically, the wording SINCE 1847 and NATURAL REMEDIES merely <u>describes</u> the year of origin and <u>the nature of the goods</u> but does not create a separate, distinct commercial impression of the mark.
>
> Based on the above, the mark is refused registration.

Ex. A to Pltf. Br. (ECF No. 23-1) (emphasis added). Mr. Lisowski argues that because the Patent Office views the phrase "Natural Remedies" as a description of the "nature of the goods," and that Thayer's itself "disclaimed the phrase "Natural Remedies," in pursuing registration of its mark, such is persuasive evidence that the phrase creates an express warranty as a description of Thayer's goods, and is a promise to consumers that becomes part of the basis of the bargain.

The Court understands Mr. Lisowski's argument, however, the legal conclusion the Court reached is a separate matter from analysis of a trademark by the Patent Office. The Patent Office's rulings are prompted by the submission of a trademark to be considered for registration and placement on the federal principal or supplemental register, or, for denial of placement on the federal register. <u>United States Patent & Trademark Office v. Booking.com B. V.</u>, 140 S. Ct. 2298, 2302, 207 L. Ed. 2d 738 (2020). A federal trademark registration provides varying degrees of benefits depending on whether the trademark is placed on the principal or supplemental register. <u>Id.</u> Even if a trademark is denied placement on the federal register it still

may be eligible for protection against infringement.  Id.  Relevant to the instant case, the Supreme Court explains that descriptive terms "are not eligible for the principal register based on their inherent qualities alone."  Id.  Therefore, when the Patent Office considers whether a trademark contains descriptive phrases, it does so with a focus on whether a trademark containing descriptive phrases warrants certain protections and benefits that come with federal trademark registration.  Thus, the Patent Office is not determining whether a trademark name, or a descriptive phrase in a trademark name, creates an express warranty.  Accordingly, the Court maintains its ruling that a trademark name cannot create an express warranty.

**B.**

Second, Mr. Lisowski argues that the Court committed a material factual error regarding the failure to provide pre-suit notice by way of Plaintiffs' Amended Notice Letter.  The Court did commit a factual error, but it is not material.  Specifically, the Court stated the date of the Amended Notice Letter as February 20, 2020, when in fact the letter is dated February 19, 2020.  The Court also stated that the Amended Notice Letter was dated the same day that Plaintiffs filed their Amended Complaint on February 20, 2020.  Thus, twice the Court erroneously referred to the Amended Notice Letter as being dated February 20, 2020, when in fact it was dated February 19, 2020.  Mr. Lisowski argues that the Court's error warrants reconsideration of the Court's dismissal of the breach of warranty claim.  The Court concludes that the error is not material to the Court's ruling that the "Amended Notice Letter" is not sufficient notice under the applicable Pennsylvania statute, 13 Pa. Cons. Stat.§ 2607(c)(1).  Specifically, there is no dispute that the Amended Notice Letter was not provided to Thayer prior to institution of this action on October 18, 2019.  Moreover, the fact that the Amended Notice Letter was provided one day before the Amended Complaint was filed, rather than on the same day, is not material because one day

notice before filing suit does not comply with the purpose of the statute. Crockett v. Luitpold Pharm., Inc., No. CV 19-276, 2020 WL 433367, at *12 (E.D. Pa. Jan. 28, 2020) ("purpose of notification under Section 2607(c) is to allow the seller an opportunity to resolve the dispute regarding an alleged breach before the buyer initiates a lawsuit").  Accordingly, reconsideration of this issue is not warranted.

## C.

Third, Mr. Lisowski asserts that the Court erred in ruling on an argument that Thayer did not make.  Specifically, the Court ruled that Mr. Lisowski failed to allege justifiable reliance as to products he did not purchase.  Mr. Lisowski contends that said ruling erroneously limits the scope of Mr. Lisowski's class action lawsuit as to Thayer's similar products he did not purchase, but that may properly be challenged on behalf of the class.

Mr. Lisowski first argues that because Thayer waived such an argument by failing to raise it in its pleadings, the Court either should not have, or could not have, made such a ruling. The Court disagrees that it was not permitted to render such a ruling.  As stated in the Opinion, "[t]o establish a violation of the UTPCPL, a plaintiff must show that defendant engaged in a deceptive act or practice, that plaintiff justifiably relied on defendant's deceptive conduct, and that plaintiff's justifiable reliance caused plaintiff an ascertainable harm." Op. at 16-17 (citing Seldon v. Home Loan Servs., Inc., 647 F. Supp. 2d 451, 465, 470 (E.D. Pa. 2009)).  The Court concluded that Mr. Lisowski failed to allege that he justifiably relied on deceptive claims made by Thayer for products he did not purchase.  This conclusion did not require legal analysis so much as common sense.  Mr. Lisowski did not buy a particular Thayer product; therefore, he could not have justifiably relied on a deceptive statement regarding such product.  He also could not have incurred an ascertainable harm as to non-purchased products.  The Court's conclusion is

limited solely to Mr. Lisowski and is not applicable to any future class member, or unnamed class member.

Perhaps the Court should have been explicit in stating that the viability of class claims is not at issue at this early stage of the proceedings. Accordingly, limited reconsideration of potential claims of the putative class is warranted. Mr. Lisowski points to several cases that decline to dismiss claims for products the plaintiff did not purchase if certain criteria are met. It should be noted that the case law in this area is sparse and appears to be limited to addressing issues of standing. The primary case relied upon by District Courts in the Third Circuit is Haas v. Pittsburgh Nat'l Bank, 526 F.2d 1083 (3d Cir. 1975). In Haas, the Third Circuit permitted a named class plaintiff, who had two legitimate claims herself, to pursue a "closely related" claim on which she lacked standing. Id. at 1088-89. The Haas Court noted that the claims all involved "identical revolving accounts under the same [Defendant's] cardholder agreements," and the damages sought were "in large part the same." Id. at 1089. Not all District Courts have come to the same conclusion. Some have held that "[w]here a class plaintiff brings a claim for a product within a line of products, [] courts have dismissed the remaining claims concerning the rest of the product line, holding that named plaintiffs lack standing for claims relating to products they did not purchase." Neuss v. Rubi Rose, LLC, No. CV162339MASLHG, 2017 WL 2367056, at *5 (D.N.J. May 31, 2017) (collecting cases). Other Courts "refused to dismiss claims for products that the named plaintiffs did not buy themselves." Id. (collecting cases). Based on the Haas decision, Courts that decline to dismiss claims for unpurchased products, have set forth the following criteria to determine if such claims may proceed: "(1) is the basis for the claims regarding unpurchased products sufficiently similar to the claims for the purchased products; (2) are the purchased and unpurchased products closely related; and (3) are the claims with respect

to both purchased and unpurchased products asserted against the same, or sufficiently similar, Defendants." Schechter v. Hyundai Motor Am., No. CV 18-13634 (FLW), 2019 WL 3416902, at *5 (D.N.J. July 29, 2019), reconsideration denied, No. CV 18-13634 (FLW), 2020 WL 1528038 (D.N.J. Mar. 31, 2020) (citing Haas[2]).

In addressing such issues, the Court agrees that the standing issue with respect to unpurchased products "becomes ripe only in the context of a motion for class certification." Burke v. Weight Watchers Int'l, Inc., 983 F. Supp. 2d 478, 482 (D.N.J. 2013) (citing Kuzian v. Electrolux Home Products, Inc., 937 F.Supp.2d 599, 610 (D.N.J.2013) (quoting Amchem Prods. v. Windsor, 521 U.S. 591, 612–13 (1997)). Specifically, there is "a distinction between the analysis of the plaintiff's individual standing to assert her claim and the analysis of her ability to represent absent others under Rule 23." Priano-Keyser v. Apple, Inc., No. CV1909162KMMAH, 2019 WL 7288941, at *5 n. 5 (D.N.J. Dec. 30, 2019) (citing Stewart v. Smart Balance, Inc., No. CIV.A. 11-6174 JLL, 2012 WL 4168584 (D.N.J. June 26, 2012)). In Stewart, the District Court concluded that dismissal as to unpurchased products "is inappropriate at this stage of litigation because whether they may represent a class of plaintiffs who do have standing is not before the Court." Stewart, 2012 WL 4168584, *16. The viability of class claims was not at issue in the motion to dismiss briefing. Mr. Lisowski's request for reconsideration will be granted with respect to the viability of potential claims of the putative class regarding products Mr. Lisowski did not personally purchase. Upon reconsideration, the Court defers

---

[2] The Schechter Court states as follows "'[a] plaintiff may have standing to assert claims on behalf of putative class members regarding products [he] did not personally purchase where (1) the basis of the claims is the same, (2) the products are closely related, and (3) the claims are against the same defendants.'" Schechter v. Hyundai Motor Am., No. CV 18-13634 (FLW), 2019 WL 3416902, at *5 (D.N.J. July 29, 2019). Although the Schecter Court is quoting another Court, it cites to the Haas decision, however, no such quote appears in Haas. The Schecter Court appears to be quoting from its sister District Court's decision in Cannon v. Ashburn Corp., No. CV 16-1452 (RMB/AMD), 2016 WL 7130913, at *4 (D.N.J. Dec. 7, 2016).

ruling on whether Mr. Lisowski may represent a class of plaintiffs who may have standing as to unpurchased products, until the class certification stage under Rule of Civil Procedure 23. Neuss, 2017 WL 2367056, at *6. Reconsideration is denied as to the request to disavow our conclusion that Mr. Lisowski, individually, may not pursue his individual claims based on products he has not purchased.

### D.

Finally, Mr. Lisowski requests correction of the Court's factually erroneous referral to Plaintiff Christopher Lisowski, on page 15 of the Opinion, as "Robert" Lisowski. Robert is the first name of Plaintiff Robert Garner. The correction is requested in the event Robert Garner chooses to file his dismissed claims in another jurisdiction. The Court notes that Mr. Lisowski is correct, the Court erroneously transposed the Plaintiffs' first names on Page 15 of the Opinion. The Court disagrees, however, that this plainly obvious scrivener's error is material to the Court's Opinion, or that such error would affect Mr. Garner's ability to file suit in another jurisdiction. Should a defendant, or Court in another jurisdiction, challenge Mr. Garner's ability to maintain suit based on the above mistake, or are otherwise confused by the error, Mr. Garner may direct the Court to this Opinion and Order in which the Court clarifies the mistake.

### ORDER

Christopher Lisowski's Motion for Reconsideration (ECF NO. 23) is GRANTED as to products Mr. Lisowski did not purchase. Upon reconsideration, the Court states that it is deferring ruling on whether Mr. Lisowski may represent putative class member plaintiffs who may have standing as to products not purchased by Mr. Lisowski until the class certification

stage under Rule of Civil Procedure 23.  The Motion for Reconsideration is DENIED in all other respects.

IT IS FURTHER ORDERED that Mr. Lisowski may file an amended complaint consistent with the Opinion and Order filed on November 17, 2020, ECF Nos. 20 & 21, and as explained in Part C herein.  Any amended complaint is due within fourteen days of the date of this Opinion and Order.  Defendant shall file an answer or response within 14 days of the filing of an amended complaint.  If no amended complaint is filed, Defendant's answer to the Amended Complaint is due within twenty-one days of the date of this Opinion and Order.

BY THE COURT:

Dated: March 30, 2021

Marilyn J. Horan
United States District Court Judge