IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER LISOWSKI,** *individually and on behalf of all others similarly situated*<br>　　　Plaintiff,<br>　　　　　　v.<br>**HENRY THAYER COMPANY, INC.,**<br>　　　Defendant. | )<br>)<br>)<br>)<br>)  Civil No. 19-1339<br>)<br>)<br>) |

**INITIAL CASE MANAGEMENT ORDER**

AND NOW, this 16th day of June, 2021, an initial case management conference having been held pursuant to Federal Rule of Civil Procedure 16 on June 10, 2021, and the parties having provided proposed scheduling deadlines, it hereby ORDERED that the parties comply with the following:

1. **Local Rule 16.1:** This civil action is governed by Local Rule of Civil Procedure 16.1 – Pretrial Procedures.

2. **Settlement Negotiations:** Counsel for the parties shall confer with their clients and any involved insurance carriers before all case management, status or pretrial conferences to obtain authority to participate in settlement negotiations conducted by the Court. A client's representative/insurance carrier representative shall be available by phone for any such conference. If a party anticipates potentially relying upon an insurance carrier to satisfy all or part of any settlement or award, a representative of the insurance carrier(s) who possesses full, unilateral settlement authority shall be available to participate in all case management conferences, status conferences, and settlement negotiations, including ADR sessions, either in-person or via telephone.

3. **Initial Scheduling:** The parties shall comply with the agreed-upon deadlines set forth in the attached "Case Management Order Due Dates," approved by the Court. Any Class Certification hearing or argument on summary judgment will be scheduled, if necessary, by further order of Court

4. **Alternative Dispute Resolution (ADR):** The parties are to file their Alternative Dispute Resolution Stipulation by May 2, 2022. The parties are advised to comply with all ADR requirements pursuant to Local Rule of Civil Procedure 16.2. The parties are directed to promptly schedule and file the notice of the ADR proceeding. A representative of any insurance carrier which may be responsible, in whole or in part, for any portion of the claims alleged and who has full, unilateral settlement authority must attend any ADR proceeding in person if insurance proceeds could cover any portion of a settlement or verdict.

5. An Order implementing Federal Rule of Evidence 502(d) has been entered

6. **Discovery and Other Case Management Disputes:** In the Court's experience, many discovery and case management disputes can be promptly resolved in a conference with the Court and counsel. Therefore, in the event of such a dispute, lead counsel shall confer in person or by telephone, agree on the scope and nature of the dispute, and then contact the involved law clerk or the Courtroom Deputy to request a telephone status conference. The Court will usually either conduct the conference immediately or set such a conference to occur within 24 hours, and more often than not, the dispute will be resolved at that time. The Court may, in situations involving more substantive matters, direct counsel to file the appropriate motion for relief. The Court will conduct a status conference at any time at the request of the parties.

7. **Other Deadlines/Post-Certification Determination Status Conference:** A Post-Certification Determination Status Conference will be scheduled after decision upon class certification, at which time the Court will address the possibility of settlement; and as necessary, will set deadlines for completion of fact discovery; expert discovery; dispositive motions; pre-trial statements; motions in limine; and a presumptive trial date and final pre-trial conference.

   s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge