**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTOPHER LISOWSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HENRY THAYER COMPANY, INC. and L'ORÉAL USA, INC.<br><br>Defendants. | ELECTRONICALLY FILED<br><br>CIVIL ACTION NO. 2:19-cv-1339-MJH<br><br>. |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS HENRY THAYER COMPANY, INC. AND L'ORÉAL USA, INC. TO
PLAINTIFF'S FOURTH AMENDED COMPLAINT**

Defendants Henry Thayer Company, Inc. and L'Oréal USA, Inc. ("L'Oréal USA") (jointly, "Thayer" unless otherwise indicated) hereby answer and assert affirmative defenses to Plaintiff Christopher Lisowski's Fourth Amended Class Action Complaint ("FAC") as follows:

1. Admitted in part, denied in part. Thayer admits that it sells "THAYERS® Natural Remedies" brand of products through major retailers throughout the country and its own e-commerce site. Thayer denies the allegations to the extent they are conclusions of law, which are deemed denied and to which no response is required. Thayer denies that it has engaged in practices that are "false, misleading, and designed to deceive consumer into paying a price premium" or otherwise acted improperly or unlawfully or violated any state law or statute. Thayer at all times acted properly, reasonably, and in accordance with law. By way of further response, to the extent the allegations in this paragraph concern the use of the term "natural," such claims have been dismissed, and thus any such claims are not properly before this Court. Therefore, no responsive pleading is required.

2.      Admitted in part, denied in part.  Thayer admits that, for a period of time, it offered for sale the listed "Products" in the Commonwealth of Pennsylvania and in the United States and that Plaintiff has initiated a civil action seeking certain relief identified in this paragraph.  Thayer denies the allegation that it has engaged in "deceptive and misleading business practices with respect to its marketing and sales" to the extent they are conclusions of law, which are deemed denied and to which no response is required.  Thayer further denies that it has acted improperly or unlawfully or violated any state law or statute.  Thayer at all times acted properly, reasonably, and in accordance with law.[1]

3.      Admitted in part, denied it part.  Thayer admits only that, for a period of time, it manufactured, sold, and distributed the Products.  Thayer denies the remaining allegations in this paragraph.  Any written marketing and advertising speaks for itself, and Thayer denies Plaintiff's characterization thereof.

4.      Denied.  The allegations in this paragraph contain conclusions of law, which are deemed denied and to which no response is required.  Thayer denies that its labeling, advertising, and marketing of Products was "false, deceptive, and misleading."

5.      Denied.  The allegations in this paragraph constitute conclusions of law, which are deemed denied and to which no response is required.  To the extent a response is required, Thayer lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations regarding Plaintiff's and each purported class member's individual expectations and subjective reasons for purchasing the Products and therefore denies the allegations.

---

[1] Denied.  The allegations in this footnote constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, Thayer denies the allegations of this paragraph.  Thayer denies that its labeling, advertising, and marketing of Products was "false, deceptive, and misleading."  Thayer specifically denies that this action can be maintained as a class action.

6. Denied.

7. Denied. Thayer lacks knowledge or information sufficient to form a belief about the truth of the allegations as to the individual expectations and subjective reasons for purchases by Plaintiff and each putative class member of the Products and therefore denies the allegations. Thayer denies that it made any misrepresentations and asserts to the contrary that it acted properly, reasonably and in good faith. Thayer also denies as a conclusion of law to which no response is required that Plaintiff or any other purported class member suffered any injury as a result of purchasing the Products. By way of further response, to the extent the allegations in this paragraph concern a "price premium," such claims have been dismissed, and thus any such claims are not properly before this Court. Therefore, no responsive pleading is required. Thayer specifically denies that Plaintiff or any member of the class paid a "premium" attributable to any statement that the Products are "preservative free." The remaining allegations in this paragraph are denied.

8. Admitted in part, denied in part. Thayer admits only that Plaintiff purports to bring this action as a putative class action. Thayer denies the allegations in this paragraph on the ground that they constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

9. Denied. Thayer lacks knowledge or information sufficient to form a belief about the truth of the allegations, including the individual and subjective expectations of Plaintiff, consumers, or any member of the putative class. Additionally, the article that Plaintiff cites to this paragraph and accompanying footnote is a written document that speaks for itself and any characterization thereof is denied.

10. Denied. Thayer lacks knowledge or information sufficient to form a belief about the truth of the allegations, including the individual and subjective expectations of

Plaintiff, consumers, or any member of the putative class.  Additionally, the article that Plaintiff cites to this paragraph and accompanying footnote is a written document that speaks for itself and any characterization thereof is denied.

11.     Denied.  Thayer lacks knowledge or information sufficient to form a belief about the truth of the allegations, including the individual and subjective expectations of Plaintiff, consumers, or any member of the putative class and the individual, subjective, regulatory, and/or economic reasons manufactures, distributers, or retailors rely on when setting prices.  Thayer further lacks knowledge or information sufficient to form a belief about the truth of the allegations given that Plaintiff fails to identify any particular products. Thayer specifically denies that Plaintiff or any member of the class paid a "premium" attributable to any statement that the Products are "preservative free." The remaining allegations in this paragraph are denied.

12.     Denied.  Thayer lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding an apparent price premium in consumer goods. Thayer specifically denies that Plaintiff or any member of the class paid a "premium" attributable to any statement that the Products are "preservative free."

13.     Denied.  The products discussed in this allegation are not Thayer products and Thayer lacks knowledge or information sufficient to form a belief as to the specific products referenced in this paragraph or the underlying reasons supporting the decisions of manufactures, retailors, or distributors for setting product prices.  Thayer further denies that the identified product "commands" a "price premium," as it is a conclusion of law to which no response is required.  To the extent a response is required, the remaining allegations are denied.

14.     Denied.  Thayer lacks knowledge or information sufficient to form a belief as to the specific products referenced in this paragraph or the individual reasons Plaintiff or any purported class member purchased an unspecific product referenced in this paragraph. Additionally, the article that Plaintiff cites to this paragraph and accompanying footnote is a written document that speaks for itself and any characterization thereof is denied.

15.     Denied.  By way of further response, the allegations in this paragraph and each of its subparts constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  In addition, the C.F.R. passages, CFNP TAP Review, Warning Letter, and articles cited in this paragraph are written documents that speaks for themselves, and any characterization thereof is denied.

16.     Denied.

17.     Admitted in part, denied in part.  Thayer admits that there is nothing inherently dangerous or otherwise unsafe about preservatives.  Thayer denies the remaining allegations, including because Plaintiff does not identify the "certain combinations" referenced in this paragraph.  By way of further response, the article that Plaintiff cites to this paragraph is a written documents that speaks for itself, is taken out of context, and any characterization thereof is denied.

18.     Denied.  The article that Plaintiff cites to this paragraph is a written documents that speaks for itself, is taken out of context, and any characterization thereof is denied.

19.     Admitted in part, denied in part.  Thayer admits that the Peppermint Spray contains Sodium Benzoate and Citric Acid as disclosed on the product label.  Thayer denies the remaining allegations in this paragraph.  By way of further response, the article cited in this paragraph is a written document that speaks for itself, and any characterization thereof is denied.  Thayer's Products were at all times safe and appropriate for consumption.

20.     Admitted in part, denied in part.  Thayer admits that the Tangerine Lozenges contain ascorbic acid as disclosed on the product label.  Thayer denies the remaining allegations in this paragraph.  By way of further response, the article cited in this paragraph is a written document that speaks for itself, and any characterization thereof is denied.  Thayer's Products were at all times safe and appropriate for consumption.

21.     Denied.  Thayer lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  To the extent a response is required, the allegations are denied.

22.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied.  To the extent a response is required, the allegations are denied.

23.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied.  To the extent a response is required, the allegations are denied.

24.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied.  To the extent a response is required, the allegations are denied.

25.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied.  Thayer lacks knowledge or information sufficient to form a belief as to Plaintiff's or any individual purported class member's beliefs or subjective understanding, if any, for purchasing Products.  Any such allegations are denied.

26.     Denied.

27.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied.  Thayer also lacks knowledge or information sufficient to form a belief as to Plaintiff's or any individual purported class member's beliefs or subjective understanding, if any, regarding their individual and subjective reasoning for purchasing Products.

28.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent a response is required, the allegations are denied.  To the extent the allegations in this paragraph concern a "price premium," such claims have been dismissed, and thus any such claims are not properly before this Court.  Thayer specifically denies that Plaintiff or any member of the class paid a "premium" attributable to any statement that the Products are "preservative free."

29.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent a response is required, the allegations are denied.

30.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent a response is required, Thayer lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding the specific products referenced in this paragraph or Plaintiff's or any purported class member's individualized and subjective buying habits or practices or their individual or subjective expectations or understanding of product composition and therefore denies the same.

31.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent a response is required, the allegations are denied.  By way of further response, Thayer also lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding Plaintiff's or any purported class member's individualized and subjective buying habits or practices or their individual or subjective expectations or understanding of product composition, and therefore denies the same.  All allegations are denied.

32.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent a response is required, the allegations are denied.  By way of further response, Thayer also lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding Plaintiff's or any purported class member's individualized and subjective buying habits or practices or their individual or subjective expectations or understanding of product composition and/or their reliance and therefore denies the same.  All allegations are denied.

33.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied.  To the extent a response is required, the allegations are denied.  By way of further response, Thayer also lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding Plaintiff's or any purported class member's individualized and subjective buying habits or practices or their individual or subjective expectations or understanding of product composition and/or reliance and therefore denies the same.  All allegations are denied.

34.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied.  To the extent a response is required, the

allegations are denied.  By way of further response, Thayer also lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding Plaintiff's or any purported class member's individualized and subjective buying habits or practices or their individual or subjective expectations or understanding of product composition and/or reliance and therefore denies the same.  Further, Thayer specifically denies that it has acted improperly or unlawfully in any way, and further denies that it made "false, misleading, and deceptive misrepresentations and omissions."  All allegations are denied.

35.    Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied.   Thayer also lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding Plaintiff's or any purported class member's individualized and subjective buying habits or practices or their individual or subjective expectations or understanding of product composition and/or reliance and therefore denies the same.   In addition, Thayer specifically denies that it has acted improperly or unlawfully in any way, and further denies that it made "false, misleading, and deceptive misrepresentations and omissions."   Finally, to the extent the allegations in this paragraph concern a "price premium," such claims have been dismissed, and thus any such claims are not properly before this Court.   Therefore, no responsive pleading is required.   Thayer specifically denies that Plaintiff or any member of the class paid a "premium" attributable to any statement that the Products are "preservative free."  All allegations are denied.

36.    Denied.  The allegations in this paragraph and each subpart constitute conclusions of law to which no response is required and which therefore are denied.   Thayer also lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding Plaintiff's or any purported class member's individualized and subjective

buying habits or practices or their individual or subjective expectations or understanding of product composition and/or reliance and perceived injury and therefore denies the same.  To the extent the allegations in this paragraph concern a "price premium," such claims have been dismissed, and thus any such claims are not properly before this Court.  Therefore, no responsive pleading is required.  Thayer specifically denies that Plaintiff or any member of the class paid a "premium" attributable to any statement that the Products are "preservative free."  All allegations are denied.

37.   Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied.  Thayer also lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding Plaintiff's or any other purported class member's individualized and subjective buying habits or practices or their individual or subjective expectations or understanding of product composition and/or reliance or injury and therefore denies the same.  Thayer denies that it made "false, misleading, and deceptive representations and omissions."  All allegations are denied.

38.   Denied.

39.   Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied.  Thayer also is without knowledge or information sufficient to form a belief as to the "competitive products" referenced in this paragraph.  By way of further response, to the extent the allegations in this paragraph concern a "price premium," such claims have been dismissed, and thus any such claims are not properly before this Court.  Therefore, no responsive pleading is required.  Thayer specifically denies that Plaintiff or any member of the class paid a "premium" attributable to any statement that the Products are "preservative free."  All allegations are denied.

40.   Denied.

41.   Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied. To the extent a response is required, the allegations are denied.

42.   Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied.   To the extent a response is required, the allegations are denied.

43.   Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied.  To the extent a response is required, the allegations are denied.

44.   Denied.  Thayer lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding Plaintiff's alleged citizenship, his residence, his Product purchase history from physical retail stores or e-commerce stores unaffiliated with Thayer, and/or his individual and subjective reasons for purchasing the Products, including any statements that he read, heard, or considered when making a purchase.  These allegations therefore are denied.  By way of further response, to the extent the allegations in this paragraph concern a "price premium," such claims have been dismissed, and thus any such claims are not properly before this Court.  Therefore, no responsive pleading is required.  Thayer specifically denies that Plaintiff or any member of the class paid a "premium" attributable to any statement that the Products are "preservative free."  All allegations are denied.

45.   Admitted in part, denied in part.  Thayer admits that Henry Thayer Company, Inc. is a Delaware corporation with its principal place of business in Easton, Connecticut.  Thayer further admits that it produces, markets, and distributes certain consumer products in particular retail stores or through certain e-commerce sites in various locations, including Pennsylvania.

Thayer denies that it presently produces, markets, and distributes the Products. Thayer specifically denies that its marketing and advertising is "false and misleading to a reasonable consumer." All remaining allegations are denied.

46.     Admitted in part, denied in part. Thayer admits that L'Oréal USA, Inc. ("L'Oréal USA") is a Delaware corporation with its principal place of business in New York, New York. Thayer further admits that L'Oréal USA acquired the assets of Henry Thayer Company through an asset sale. Thayer denies that the purchase was structured as a means to avoid liability. Thayer further admits that L'Oréal USA produces, markets, and distributes certain consumer products in particular retail stores or through certain e-commerce sites in various locations, including Pennsylvania. Thayer denies that L'Oréal USA presently produces, markets, and distributes the Products. Thayer specifically denies that its marketing and advertising is "false and misleading to a reasonable consumer." All remaining allegations are denied.

47.     Denied. The statement in this paragraph is not an allegation to which a response is required. To the extent the allegation in this paragraph constitutes conclusions of law, no responsive pleading is required, and the allegation is therefore denied.

48.     Denied. The statement in this paragraph is not an allegation to which a response is required. To the extent the allegation in this paragraph constitutes conclusions of law, no responsive pleading is required, and the allegation is therefore denied.

49.     Denied. Thayer lacks knowledge or information sufficient to form a belief as to the specific products referenced in this paragraph or Plaintiff's or any individual purported class member's beliefs or subjective understanding or expectations, if any, regarding "preservative-free" products or their individual and subjective reasoning for purchasing those products.

50.     Denied.  The Products' label and alleged website statements are written materials that speak for themselves, and any characterization thereof is denied.

51.     Denied.  The allegations in this paragraph constitute conclusions of law to which no response is required and which therefore are denied.  To the extent a response is required, the allegations are denied.  Thayer denies that the Products are "falsely and deceptively labeled."

52.     Denied.  Thayer also lacks knowledge or information sufficient to form a belief as to the specific "language" referenced in this paragraph and about the truth of the allegations in this paragraph regarding Plaintiff's beliefs and individualized reasons for purchasing the Products, and therefore denies the same.

53.     Denied.

54.     Denied.  The Product's label and alleged website statements are written materials that speak for themselves, and any characterization thereof is denied.

55.     Denied.  Thayer is without knowledge or information sufficient to form a belief whether the image in this paragraph in fact is of the Tangerine Slippery Elm Lozenges because it does not show the lid of the container.   By way of further response, the Products' label and alleged website statements are written materials that speak for themselves, and any characterization thereof is denied

56.     Denied.   As a further answer, any representations are in writing and speak for themselves, and Thayer denies Plaintiff's characterization thereof.

57.     Denied.

58.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.  By way of further response, to the

extent the allegations in this paragraph concern a "price premium," such claims have been dismissed, and thus any such claims are not properly before this Court. Therefore, no responsive pleading is required. Thayer specifically denies that Plaintiff or any member of the class paid a "premium" attributable to any statement that the Products are "preservative free."

59.     Denied. By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied. By way of further response, to the extent the allegations in this paragraph concern a "price premium," such claims have been dismissed, and thus any such claims are not properly before this Court. Therefore, no responsive pleading is required. Thayer specifically denies that Plaintiff or any member of the class paid a "premium" attributable to any statement that the Products are "preservative free."

60.     Denied. This paragraph contains conclusions of law to which no responsive pleading is required and are therefore denied. To the extent a response is required, the allegations are denied. It specifically is denied that Plaintiff's claims are appropriate for class treatment or that the putative class is appropriate, because, among other reasons, it includes members who have suffered no injury. Moreover, any class purportedly limited to allegedly injured members would not be ascertainable within the meaning of Rule 23. By way of further response, this Court lacks personal jurisdiction over non-Pennsylvania residents.

61.     The assertions of this paragraph do not require an admission or denial but are denied.

62.     Denied. The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent the allegations of this paragraph are deemed in whole or in part to be factual, Thayer denies the allegations of this paragraph. It specifically is denied that Plaintiff's claims are appropriate for class treatment.

63.     Denied.  The allegations in this paragraph and its subparts constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, Thayer denies the allegations of this paragraph.  Thayer specifically denies that Plaintiff can establish commonality, predominance, or the other requirements of Rule 23, and further denies that it has acted improperly or unlawfully in any way.

64.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, Thayer denies the allegations of this paragraph.  Thayer specifically denies that Plaintiff's claims are typical of the putative class members or the other criteria under Rule 23.  Thayer further denies that it engaged in any "wrongful conduct" or that any purported class members suffered any damages.

65.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, Thayer denies the allegations of this paragraph.  Thayer specifically denies that Plaintiff can establish adequacy or the other requirements of Rule 23.

66.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, Thayer denies the allegations of this paragraph.  Thayer specifically denies that Plaintiff can establish superiority or the other requirements of Rule 23, and further denies that putative class members have suffered "damages or other financial detriment."

67.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, Thayer denies the allegations of this paragraph.  Thayer further denies that the equitable relief Plaintiff seeks can be determined on a class-wide basis or that the equitable claims are suitable for the class device, including, among other reasons, to the extent Plaintiff's claims for equitable relief have been dismissed from this action.

68.     Denied.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied.  To the extent the allegations of this paragraph are deemed in whole or in part to be factual, Thayer denies the allegations of this paragraph.

## COUNT I

69.     Thayer incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein.

70.     Admitted in part, denied in part.  Thayer admits that Plaintiff purports to bring this Count individually and on behalf of a "Pennsylvania Class."  Thayer denies this claim is suitable for class treatment.

71.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

72.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

73.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

74.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

75.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

76.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

77.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. Furthermore, to the extent the allegations in this paragraph concern a "price premium," such claims have been dismissed, and thus any such claims are not properly before this Court.  Therefore, no responsive pleading is required.  To the extent a response is required, Thayer specifically denies that Plaintiff or any member of the class paid a "premium" attributable to any statement that the Products are "preservative free."  The allegations are denied.

78.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.  Additionally, Thayer denies that

Plaintiff or any individual purported class member is entitled to damages including, without limitation, statutory damages, treble damages, attorneys' fees and costs, or any additional relief.

**COUNT II**

79.     Thayer incorporates by reference the foregoing paragraphs of this Answer as if fully set forth herein.

80.     Admitted in part, denied in part.  Thayer admits that Plaintiff purports to bring this Count individually and on behalf of a "proposed Class."  Thayer denies that this claim is suitable for class treatment.

81.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

82.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

83.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

84.     Denied.  By way of further response, the allegations in this paragraph constitute conclusions of law to which no responsive pleading is required and which therefore are denied. To the extent a response is required, the allegations are denied.

85.     Denied.  By way of further response, Thayer denies that Plaintiff or any other individual purported class member is entitled to any relief.

## **AFFIRMATIVE DEFENSES**

Without assuming any burden of proof to which Thayer is not otherwise subject under the law, Thayer asserts and alleges the following additional defenses to Plaintiff's claims:

1.      Plaintiff's FAC fails to set forth a cause of action upon which relief may be granted.

2.      Plaintiff and the putative class members lack standing to assert the claims alleged in the FAC.

3.      All claims regarding a "price premium" were dismissed by this Court pursuant to its Memorandum Opinion and Order dated November 17, 2020, and therefore are barred.

4.      All claims of Plaintiff and putative class members are barred in whole or in part by the doctrine of laches.

5.      All claims of Plaintiff and putative class members are barred in whole or in part by the doctrines of estoppel and waiver.

6.      All claims of Plaintiff and the putative class members are barred in whole or in part by the voluntary payment doctrine.

7.      Plaintiff's claims and the claims of putative class members are or may be barred because of Plaintiff's failure to join necessary and indispensable parties.

8.      Neither Plaintiff nor the putative class members have been injured or otherwise suffered any loss or damage in any manner by any conduct, acts, or omissions of Thayer.

9.      The injuries, if any, sustained by Plaintiff and putative class members were caused or contributed to by the neglect, misuse, fault, and want of due care of Plaintiff and putative class members, by intervening factors or causes, or by others for whose actions, omissions, or breach of legal duty Thayer is not liable.

10.     While denying the allegations of Plaintiff and putative class members with respect to liability, the acts of Thayer were not a proximate cause of any injuries to Plaintiff or putative class members.

11.     Upon information and belief, Plaintiff and putative class members failed to mitigate or otherwise act to lessen or reduce the injuries and damages alleged in the FAC.

12.     Thayer is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statutes of any applicable states, or any other applicable law.  Thayer is absolved from any and all liability for the wrongs alleged in the FAC by reason of its full compliance with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the FAC.

13.     Thayer's business practices and conduct, including, but not limited to, any labeling and marketing, comply with and may be expressly authorized by the law of the jurisdiction in which Plaintiff and each putative class member resides.

14.     Thayer alleges, without admitting any liability whatsoever, that at all times Thayer's actions were undertaken in good faith to advance legitimate business interests.

15.     Plaintiff cannot satisfy the requisite elements of numerosity, predominance of common questions of law and fact, typicality, adequacy, superiority and ascertainability to sustain a class action under Fed. R. Civ. P. 23(a), 23(b)(2) and/or 23(b)(3).

16.     Plaintiff's and each putative class member's claims are so unique, individual, and based on the specific conditions existing with regard to Plaintiff's and each putative class member's individualized experience and purchasing decision that the certification of any class action pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3) would be contrary to the requisite elements necessary to justify a class action and violative of Thayer's rights.

17.    Thayer fully discloses the contents of its products and disclaims Thayer's liability for any damages relating to Plaintiff's and putative class members' claims alleged in the FAC.

18.    Plaintiff's claims and those of putative class members are barred by applicable statutes of limitations.

19.    Plaintiff's claims and the claims of putative class members do not entitle them to: actual, general, special, incidental, statutory, treble, or other multiple, punitive, or consequential damages; pre-judgment and post-judgment interest; injunctive and/or declaratory relief; and/or attorneys' fees and costs.

20.    Plaintiff and putative class members received the basis or benefit of any bargain.

21.    The Court lacks personal jurisdiction over Thayer with respect to the claims of any putative class members who do not reside in Pennsylvania and whose claims bear no connection with the Commonwealth.

22.    Thayer reserves the right to amend this pleading to assert additional defenses upon discovery of the specific facts upon which Plaintiff and/or the putative class members base their claims for relief, and upon completion of further discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants Henry Thayer Company, Inc. and L'Oréal USA, Inc. respectfully request that this Court determine that the claims alleged herein may not be maintained as a class action under Rule 23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, and issue an order denying certification of the proposed class and refusing to designate Plaintiff's counsel as counsel for the proposed class; dismiss the FAC with prejudice and determine that Plaintiff and the putative class members are not entitled to any relief, including, without limitation, that for which they have prayed; and enter judgment in

Thayer's favor, together with costs, attorney's fees, and such other relief as the Court may deem just and proper.

Dated:  September 8, 2021

Respectfully submitted,

*/s/ John K. Gisleson*
John K. Gisleson, Esq. (PA62511)
Steven N. Hunchuck, Esq. (PA327892)
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre
Thirty-Second Floor
Pittsburgh, PA  15219-6401
(412) 560-3300 (telephone)
(412) 560-7001 (facsimile)
john.gisleson@morganlewis.com
steven.hunchuck@morganlewis.com

Franco A. Corrado (PA91436)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
215-963-5882 (telephone)
215-963-5001 (facsimile)
franco.corrado@morganlewis.com

*Counsel for Defendants Henry Thayer
Company, Inc. and L'Oréal USA, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2021, the forgoing **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS HENRY THAYER COMPANY, INC. AND L'ORÉAL USA, INC. TO PLAINTIFF'S FOURTH AMENDED COMPLAINT** was electronically filed with the Clerk of Court for the Western District of Pennsylvania using the CM/ECF system, which will send notification of such filing to all registered counsel of record.

*/s/ John K. Gisleson*
John K. Gisleson