# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER LISOWSKI, individually and on behalf of all others similarly situated, | CIVIL ACTION NO. 2:19-cv-1339-MJH |
| Plaintiff, | . |
| v. | |
| HENRY THAYER COMPANY, INC. and L'ORÉAL USA, INC. | |
| Defendants. | |

## JOINT STIPULATED PROTECTIVE ORDER

The Court enters the following Protective Order pursuant to Federal Rule of Civil Procedure 26(c)(1).

1. <u>Findings</u>: Upon agreement of the parties, the Court finds that the parties to this case may request or produce information involving trade secrets or other confidential research, development, or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2. <u>Definitions</u>:

   a) "Party" means a named party in this case. "Person" means an individual or an entity. "Producer" means a person who produces information via the discovery process in this case. "Recipient" means a person who receives information via the discovery process in this case.

   b) "Confidential" information is information concerning a person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person' competitive position, or the

disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

        c)      Information is not Confidential if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not Confidential if a person lawfully obtained it independently of this litigation.

3.      <u>Designation of information as Confidential</u>:

        a)      A person's designation of information as Confidential means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

        b)      A person designates information in deposition testimony as Confidential by stating on the record at the deposition that the information is Confidential or by advising the opposing party and the stenographer and videographer in writing, within 30 days after receipt of the deposition transcript, that the information is Confidential.

        c)      A person's failure to designate a document, thing, or testimony as Confidential does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

        d)      A person who has designated information as Confidential may withdraw the designation by written notification to all parties in the case.

        e)      If a party disputes a producer's designation of information as Confidential, the party shall notify the producer in writing of the basis for the dispute, identifying the specific document(s) or thing(s) as to which the designation is disputed and proposing a new designation for such materials. The party and the producer shall then meet and confer to attempt to resolve

the dispute without involvement of the Court. If they cannot resolve the dispute, the proposed new designation shall be applied fourteen (14) days after notice of the dispute unless within that fourteen-day period the producer files a motion with the Court to maintain the producer's designation. The producer bears the burden of proving that the information is properly designated as Confidential. In the event such an application is made, the information shall remain subject to the producer's Confidential designation until the Court rules on the dispute. A party's failure to contest a designation of information as Confidential is not an admission that the information was properly designated as such.

    4.    <u>Use and disclosure of Confidential information</u>:

    a)    Confidential information may be used exclusively for purposes of this litigation, subject to the restrictions of this Order.

    b)    Absent written permission from the producer or further order by the Court, the recipient may not disclose Confidential information to any person other than the following: (i) a party's outside counsel in this litigation, or any related litigation involving the transactions at issue, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) a party's in-house counsel, including paralegal, secretarial and clerical personnel assisting such counsel; (iii) a party's officers and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 4(c) of this order, experts, consultants and vendors and their staff whom a party employs for purposes of this litigation only; and (vi) the Court and personnel assisting the Court, including court-appointed mediators and their staffs.

c) A party may not disclose Confidential information to an expert, consultant or vendor pursuant to paragraph 4(b) of this order until after they have signed an undertaking in the form of Appendix 1 to this Order. The party obtaining the undertaking must serve it on all other parties within fourteen days after its execution. At least fourteen days before the first disclosure of Confidential information to an expert, consultant or vendor (or member of their staff), the party proposing to make the disclosure must serve the producer with a written identification of the expert or consultant and a copy of his or her *curriculum vitae* or other relevant identifier. If the producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the party proposing to make the disclosure with a written objection within fourteen days after service of the identification. Unless the parties resolve the dispute within fourteen days after service of the objection, the producer must move the Court promptly for a ruling, and the Confidential information may not be disclosed to the expert, consultant or vendor without the Court's approval.

d) Notwithstanding paragraph 4(a) and (b), a party may disclose Confidential information to: (i) any employee or author of the producer; (ii) any person, no longer affiliated with the producer, who authored the information in whole or in part; and (iii) any person who received the information before this case was filed.

e) A party who wishes to disclose Confidential information to a person not authorized under paragraph 4(b) or 4(c) must first make a reasonable attempt to obtain the producer's permission. If the party is unable to obtain permission, it may move the Court to obtain permission.

    f)  Each party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

    5.  <u>Notice to Non-Parties</u>.  Any party issuing a subpoena to a non-party shall enclose a copy of this Protective Order with a request that, within ten (10) calendar days, the non-party either request the protection of this Protective Order or notify the issuing party that the non-party does not need the protection of this Protective Order or wishes to seek different protection.

    6.  <u>Inadvertent Disclosure</u>: Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Federal Rule of Evidence 502.

    7.  <u>Filing with the Court</u>:

    a)  This Protective Order does not, by itself, authorize the filing of any document under seal. Notwithstanding any other provision of this Order, documents and things may not be filed under seal with the Clerk of this Court unless such sealing is authorized by a separate order in accordance with Local Civil Rule 5.2.H and the Court's standing Order dated January 27, 2005 (2:05-mc-00045-DWA) *In re Confidentiality and Protective Orders in Civil Matters*.

    b)  If a party wishes to file in the public record a document that another producer has designated as Confidential, the party must advise the producer of the document no later than five business days before the document is due to be filed, so that the producer may move the Court for leave to file the document under seal.  If the party seeking to file the Confidential document is also the producer of the document, no meet-and-confer requirement between the parties applies, and the producing party shall defer to the standing orders and/or the local rules of the Court for seeking leave to file documents under seal.

8. <u>Document Disposal</u>: Promptly upon the conclusion of this case or the conclusion of any related litigation involving the subject matter, whichever is later, each party must return to the producer all documents and copies of documents containing the producer's Confidential information, and must destroy all notes, memoranda, or other materials derived from or in any way revealing Confidential information. Alternatively, if the producer agrees, the party may destroy all documents and copies of documents containing the producer's Confidential information. The party returning and/or destroying the producer's Confidential information must promptly certify in writing its compliance with the requirements of this paragraph. Notwithstanding the requirements of this paragraph, a party and its counsel may retain one complete set of all documents filed with the Court, remaining subject to all requirements of this order.

9. <u>Originals</u>: A legible photocopy of a document may be used as the "original" for all purposes in this action. The actual "original," in whatever form the producing party has it, must be made available to any other party within fourteen days after a written request.

10. <u>Survival of Obligations</u>: This Order's obligations regarding Confidential information survive the conclusion of this case.

By the Parties:

| | |
|---|---|
| */s/ Steffan T. Keeton* | */s/ John K. Gisleson* |
| Steffan T. Keeton | John K. Gisleson, Esq. (PA62511) |
| The Keeton Firm LLC | Steven N. Hunchuck, Esq. (PA327892) |
| 100 S. Commons, Ste. 102 | MORGAN, LEWIS & BOCKIUS LLP |
| Pittsburgh, PA 15212 | One Oxford Centre |
| stkeeton@keetonfirm.com | Thirty-Second Floor |
| | Pittsburgh, PA 15219-6401 |
| | (412) 560-3300 (telephone) |
| *Counsel for Plaintiffs Christopher Lisowski, individually and on behalf of others similarly situated* | (412) 560-7001 (facsimile) |
| | john.gisleson@morganlewis.com |
| | steven.hunchuck@morganlewis.com |
| | |
| | Franco A. Corrado (PA91436) |
| | MORGAN, LEWIS & BOCKIUS LLP |
| | 1701 Market Street |
| | Philadelphia, PA 19103 |
| | 215-963-5882 (telephone) |
| | 215-963-5001 (facsimile) |
| | franco.corrado@morganlewis.com |
| | |
| | *Counsel for Defendants Henry Thayer Company, Inc. and L'Oréal USA, Inc.* |

**SO ORDERED:**

_____
Hon. Marilyn J. Horan

**APPENDIX I**
**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

I, _____ , state the following under penalties of perjury as provided by law:

I have been retained by _____ as an expert, consultant or vendor in connection with this case. I will be receiving information that is covered by the Court's Protective Order dated _____ I have read the Court's Protective Order and understand that the information is provided pursuant to the terms and conditions in that order.

I agree to be bound by the Court's Protective Order. I agree to use the information solely for purposes of this case. I understand that neither the information nor any notes concerning that information may be disclosed to anyone that is not bound by the Court's Protective Order. I agree to return the information and any notes concerning that information to the attorney for _____ or to destroy the information and any notes at that attorney's request.

I submit to the jurisdiction of the Court that issued the Protective Order for purposes of enforcing that order. I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

```
                                    Name:_____
                                    Title:_____
                                    Signature: _____
```

Subscribed and sworn to
before me this ____ day
of _____ , 20___.


Notary Public